# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
## MARTINSBURG

**LUIS PEREZ,**

    Petitioner,

**v.**                                  **CIVIL ACTION NO. 3:11-CV-56**
                                        **CRIMINAL ACTION NO. 3:04-CR-57-01**
                                        **(BAILEY)**

**UNITED STATES OF AMERICA,**

    Respondent.

## ORDER ADOPTING AMENDED REPORT AND RECOMMENDATION

### Introduction

On this day, the above-styled matter came before the Court for consideration of the Report and Recommendation of United States Magistrate Judge David J. Joel. By Local Rule, this action was referred to Magistrate Judge Joel for submission of a proposed report and a recommendation ("R&R"). Magistrate Judge Joel filed his R&R on November 8, 2011 [Doc. 5; Cr. Doc. 164]. In that filing, the magistrate judge recommended that this Court deny with prejudice Petitioner's Motion to Vacate, Set Aside, or Correct Sentence [Doc. 1; Cr. Doc. 151].

Pursuant to 28 U.S.C. § 636(b)(1)(c), this Court is required to make a *de novo* review of those portions of the magistrate judge's findings to which objection is made. However, this Court is not required to review, under a *de novo* or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the findings or recommendation to which no objections are addressed. ***Thomas v. Arn***, 474 U.S. 140, 150 (1985). In addition, failure to file timely objections constitutes a waiver of *de novo*

review and the right to appeal this Court's Order.  28 U.S.C. § 636(b)(1); **Snyder v. Ridenour**, 889 F.2d 1363, 1366 (4th Cir. 1989); **United States v. Schronce**, 727 F.2d 91, 94 (4th Cir. 1984).  Here, objections to Magistrate Judge Joel's R&R were due within fourteen (14) days of receipt, pursuant to 28 U.S.C. § 636(b)(1) and FED. R. CIV. P. 72(b).  Petitioner timely filed his objections on November 22, 2011 [Cr. Doc. 169].  Accordingly, this Court will review the portions of the R&R to which objection was made under a *de novo* standard of review.  The remaining portions of the R&R will be reviewed for clear error.

## Factual and Procedural History

On November 24, 2004, the petitioner signed a plea agreement, pleading guilty to a charge of distribution of 136.805 grams of cocaine base in violation of 21 U.S.C. § 841(a)(1) under Count 4 of the indictment [Cr. Doc. 21 at 1].  The plea agreement was filed with the Court on November 29, 2004 [Cr. Doc. 24].  On June 3, 2005, the Court sentenced the petitioner to an imprisonment term of 180 months [Cr. Doc. 69 at 4].  The petitioner did not file a direct appeal [See docket sheet for 3:04-CR-57-01].

The petitioner filed his first motion to Vacate, Set Aside, or Correct a Sentence pursuant to 28 U.S.C. § 2255 on August 21, 2006, on two grounds of ineffective assistance of counsel:  (1) the sentence imposed was breach of the plea agreement and (2) his counsel did not file a direct appeal as the petitioner requested [Cr. Doc. 87 at 3-4].  The Government responded that the petitioner's motion was time barred because it was not filed until August 21, 2006, more than one month after the one-year time limitation [Cr. Doc. 95 at 4].  In addition, the Government stated that the petition should be denied because the petitioner "waived his right to seek habeas corpus relief under the terms of his plea agreement [*Id.* at 4-7].  Even though the Government was moving to dismiss the petition,

it still addressed the petitioner's ineffective assistance of counsel claims [*Id.* at 7-16] and request for an evidentiary hearing [*Id.* at 16]. The petitioner replied that the waiver was void because it was not knowing and voluntary [Cr. Doc. 96 at 2-4] and that he is entitled to an evidentiary hearing to prove facts supporting his claim [*Id.* at 10-11]. In addition, he addressed his "points on [the] ineffective [assistance of] counsel" claims [*Id.* at 4-10]. The petitioner did not attempt to refute the time-barred argument [*See* Doc. 96].

The matter was referred to a magistrate judge [Cr. Doc. 97], who issued a Report and Recommendation that [the] § 2255 Motion be Denied [Cr. Doc. 99], stating that the motion should be "denied and dismissed from the docket as untimely" [*Id.* at 4]. In making this recommendation, the magistrate judge relied upon the one-year limitation period within which to file any federal habeas corpus motions under the Anti-Terrorism and Effective Death Penalty Act of 1996. *See* 28 U.S.C. § 2255(f).

The magistrate judge determined that "[f]or federal prisoners, the time for filing a direct appeal expires ten days after the written judgment of conviction is entered on the criminal docket," which was June 28, 2005 in Mr. Perez's case [Cr. Doc. 99 at 9]. As such, the petitioner's conviction became final on July 8, 2005, when his time for filing a direct appeal expired. Because the petitioner did not file his initial § 2255 motion by the July 8, 2006, deadline, the magistrate judge concluded that it was "clearly time barred" [*Id.*]. On July 26, 2007, the petitioner filed a letter in response to the magistrate judge's July 3, 2007, Report and Recommendations [Cr. Doc. 101], in which he stated that he missed the July 8, 2006, filing deadline because he "was in the process of waiting for a reply from [his] lawyer" [*Id.* at 1]. This Court entered an Order Adopting Report and Recommendation [Cr. Doc. 102] on October 2, 2007, in which the petitioner's § 2255 motion was denied for the

3

reasons stated in the magistrate judge's Report and Recommendation [*Id.* at 2]. The petitioner appealed the denial to the Fourth Circuit Court of Appeals ("Fourth Circuit") on October 17, 2007 [Cr. Doc.105]. The Fourth Circuit dismissed the petitioner's appeal on April 21, 2008 [Cr. Doc. 117 at 2].

On July 15, 2011, petitioner filed another § 2255 motion [Doc. 1; Cr. Doc. 151]. The respondent was not ordered to answer the motion [Doc. 5 at 1; Cr. Doc. 164 at 1]. The magistrate judge entered his R&R on petitioner's § 2255 motion on November 8, 2011 [Doc. 5; Cr. Doc. 164], stating that the case should be dismissed "as untimely and . . . for lack of jurisdiction as a second or successive motion for which the petitioner did not receive the Fourth Circuit['s] authorization to file" [Doc.5 at 6; Cr. Doc. 164 at 6]. The petitioner filed his response thereto [Cr. Doc. 169] on November 22, 2011. In his response, the petitioner objected to the magistrate judge's conclusion and states that the "one-year time[ ] limitation does not apply because he is making the motion pursuant to [18 U.S.C. §§ 3582(c)(2) and 3553(a)]" [*Id.* at 1].

**Applicable Law**

Second or successive section 2255 motions are subject to certain restrictions. Section 2255 provides the following:

> A second or successive motion must be certified as provided in section 2244
> by a panel of the appropriate court of appeals to contain- -
> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
> > (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255(h). If the first petition was dismissed on the merits, a second petition will be considered successive. ***Harvey v. Horan***, 278 F.3d 370, 379 (4th Cir. 2002) (citing

4

*Slack v. McDaniel*, 529 U.S. 473 (2000)). A dismissal based upon statute of limitations grounds is the equivalent of a dismissal on the merits. *See* ***Shoup v. Bell & Howell Co.***, 872 F.2d 1178 (4th Cir. 1989); ***United States v. Flanory***, 45 Fed.Appx. 456 (6th Cir. 2002); and ***United States v. Casas***, 2001 WL 1002511 (N.D. Ill. 2001). Furthermore, "a motion directly attacking the prisoner's conviction or sentence will usually amount to a successive application . . .." ***United States v. Winestock***, 340 F.3d 200, 207 (4th Cir. 2003). If a petitioner has not obtained the required "pre-filing authorization, the district court lacks jurisdiction to consider an application containing . . . repetitive claims." *Id.* at 205 (citing ***Evans v. Smith***, 220 F.3d 306, 325 (4th Cir. 2003)).

## Discussion

The magistrate judge recommended that this Court "enter an Order DENYING WITH PREJUDICE the petitioner's motion, dismissing the case from the docket as untimely and also for lack of jurisdiction as a second or successive motion for which the petitioner did not receive the [Fourth Circuit's'] authorization to file" [Doc. 1 at 6; Cr. Doc. 164 at 6 (emphasis in original)].

<u>Petitioner's Objections</u>

On November 22, 2011, the petitioner filed an objection to the magistrate judge's recommendation that his § 2255 motion be denied with prejudice on timeliness grounds [Cr. Doc. 169 at 1].

### I. One-Year Time Limitation

The petitioner argues that the "one-year time[ ] limitation does not apply" to his proceeding [Cr. Doc. 169 at 1]. In support of his argument, he allegedly quotes a portion of section 2255, stating that "[t]he motion shall be made within a reasonable time, and for

5

the reason (1), (2), and (3) not more than one year after the judgment, order, or proceeding was entered or taken . . ." [*Id.*]. He further states, without elaborating upon what these "subsections" entail, that he "did not move [for] relief pursuant to [these subsections], thus the one-year time[ ] limitation does not apply" [*Id.*]. However, this language is not present under 28 U.S.C. § 2255. Moreover, § 2255(f) explicitly imposes a "1-year period of limitation . . . to a motion under [section 2255] . . . ." 28 U.S.C. § 2255(f). As such, the Court hereby OVERRULES the petitioner's objection.

## II. Sections 3582(c)(2) and 3553(a)

The petitioner further states that he is making his motion "pursuant to [18 U.S.C. § 3582(c)(2) and 3553(a)] . . ." [Cr. Doc. 169 at 1]. Section 3582, provides a limited process by which a court may reduce the term of imprisonment for a defendant. *See* 28 U.S.C. § 3582(c)(2). However, the petitioner's motion attacks the imposition of his sentence, which falls under 28 U.S.C. § 2255. *See* 28 U.S.C. § 2255(a); see also Docs. 1 and 1-1; Cr. Docs. 151 and 151-1]. The petitioner listed "whether petitioner is 'actually innocent' of a sentence imposed that exceeds the maximum penalty authorized for a conviction" as the sole ground for the motion [Doc. 1-1 at 4; Cr. Doc. 151-1 at 4]. Moreover, although he referred to §§ 3582(c)(2) and 3553(a) in the text of his motion, he referred to his motion as a "§ 2255 writ" [Doc. 1 at 6; Cr. Doc. 169 at 6] and completed a § 2255 Motion Form [Doc. 1-1; Cr. Doc. 151-1]. Furthermore, the petitioner filed his Motion to Reduce Sentence Under 18 U.S.C. § 3582(c) [Cr. Doc. 146] as a separate filing on August 4, 2010, on which this Court has already ruled [*See* Cr. Doc. 168]. As such, this Court finds that petitioner's motion is a § 2255 motion and hereby OVERRULES the petitioner's objection. Moreover, this Court finds that the petitioner's motion is his second or successive § 2255 motion and

should be dismissed for lack of jurisdiction because the petitioner has not obtained the necessary "pre-filing authorization." See **Harvey**, 278 F.3d at 379; **Shoup**, 872 F.2d 1178; and **Winestock**, 340 F.3d at 205.

## Conclusion

Upon careful review of the report and recommendation, it is the opinion of this Court that the magistrate judge's Report and Recommendation **[Doc. 5; Cr. Doc. 164]** should be, and is, hereby **ORDERED ADOPTED** for the reasons more fully stated in the magistrate judge's report. As such, this Court hereby **DENIES WITH PREJUDICE** the petitioner's Motion to Vacate, Set Aside, or Correct Sentence **[Doc. 1; Cr. Doc. 151]**. Accordingly, this matter is hereby **ORDERED STRICKEN** from the active docket of this Court. The Clerk is directed to enter a separate judgment in favor of the respondent.

It is so **ORDERED**.

The Clerk is directed to transmit copies of this Order to any counsel of record and to mail a copy to the *pro se* petitioner.

**DATED:** December 7, 2011.

JOHN PRESTON BAILEY
CHIEF UNITED STATES DISTRICT JUDGE